**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FELIX ORIAKHI,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 3:CV-01-0850** |
| | : | |
| | : | **(Judge Vanaskie)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

Felix Oriakhi, an inmate presently confined at the Federal Correctional Institution, Fort Dix, New Jersey, filed this combined Federal Tort Claims Act (FTCA) and Bivens-type[1] civil rights action. Named as sole Defendant is the United States of America.

Following a bench trial in the above matter, this Court entered a judgment in favor of the Defendant on April 28, 2004. By Opinion dated February 10, 2006, the United States Court of Appeals for the Third Circuit affirmed the judgment. Presently pending is Oriakhi's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). See Dkt. Entry # 116.

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

In a supporting brief, Plaintiff argues that reconsideration is appropriate because the Defendant: (1) "acted in bad faith by failing to give an advance notice of it's witnesses;" and (2) "committed fraud by not presenting the original log book involved in the shakedown of April 17, 2000." Dkt. Entry # 117, pp. 2-3. He adds that those alleged actions constitute extraordinary circumstances justifying the need for reconsideration. Defendant's opposing brief counters that Plaintiff's motion is untimely and that his present arguments should have been asserted on direct appeal.

A motion for reconsideration is a device of limited utility. It may be used only to remedy manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted

sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Relief from a final judgment under Rule 60(b)requires a showing of exceptional circumstances warranting extraordinary relief. Intervening developments in the law do not necessarily constitute extraordinary circumstances. Agostini v. Felton, 521 U.S. 203, 239 (1997). It is equally well settled that Rule 60(b) may not be used as a substitute for appeal absent extraordinary circumstances. Morris v. Horn, 187 F.3d 333, 336 (3d Cir. 1999).

In the present case, Oriakhi initiated a direct appeal in June, 2004. The Plaintiff offers no explanation as to why his present arguments were not included in his direct appeal. His failure to do so by itself warrants the denial of his Rule 60(b) motion. See DiGenova v. Baker, 212 Fed. Appx. 118 , 119 (3d Cir. 2007). Furthermore, Oriakhi has not satisfied his burden of demonstrating that the alleged actions of the Defendant constitute extraordinary circumstances as contemplated under Rule 60(b). Accordingly, Plaintiff's motion will be denied.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FELIX ORIAKHI,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL NO.3:CV-01-850** |
| | : | |
| **DONALD ROMINE,** | : | **(Judge Vanaskie)** |
| | : | |
| **Defendant.** | : | |

**O R D E R**

**NOW, THIS 17th DAY OF JULY, 2007,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion for relief from judgment (Dkt. Entry 116) is **DENIED**.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge